# EXHIBIT 1

## Summons and Complaint

# EXHIBIT 1

RECEIVED

JAN 1 4 2021



Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 27
SafetySeal(101761)

MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

1.0 LBS LTR      1 OF 1

SHIP TO:
ASHLEY HARTLEY
2149323601
VALLEY JOIST, L.L.C.
3019 GAULT AVE N
FORT PAYNE AL 35967

AL 357 1-01

UPS NEXT DAY AIR
TRACKING #: 1Z X21 278 01 3127 5005

1

BILLING: P/P

Reference No.1: SOP/2401130/538868927/CT SOP Custo

XOL 20.12.11      NV45 39.0A 11/2020^

1665776

10

Origin: Wolters Kluwer UPS 562130

Exhibit 1  Page 1

# CT  Packing Slip

 CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780131275005 |
| **Created By :** | Shalini Singh |
| **Created On :** | 01/12/2021 11:52 AM |
| **Recipient :** | |

**Ashley Hartley**

| | |
|---|---|
| Title : | -- |
| Customer : | Valley Joist, L.L.C. |
| Address : | 3019 GAULT AVE N |
| Email : | ahartley@valleyjoist.com |
| Phone : | Fax :   - |

**RECEIVED**

**JAN 1 4 2021**

**Package Type :**  Envelope
**Items shipped :**  1

| Log # | Case # | Entity Name |
|---|---|---|
| 538868927 | CV2001749 | Valley Joist, L.L.C. |

Exhibit 1  Page 2

 CT Corporation

**Service of Process
Transmittal**
01/11/2021
CT Log Number 538868927

**TO:** Ashley Hartley
Valley Joist, L.L.C.
3019 GAULT AVE N
FORT PAYNE, AL 35967-3827

**RECEIVED**

**RE:** **Process Served in Nevada**

**FOR:** Valley Joist, L.L.C.  (Domestic State: DE)

**JAN 1 4 2021**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RUBIN McELROY, Pltf./Petitioner vs. VALLEY JOIST, LLC, et al., Dfts./Respondent *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2001749 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/11/2021 at 02:45 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780131275005 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SS

Exhibit 1  Page 3

1    Code:  4085

2    IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

3    IN AND FOR THE COUNTY OF WASHOE

4    Rubin McElroy

5    Plaintiff / Petitioner / Joint Petitioner,

     Case. No. _CV20-01749_____

6    vs.

     Dept. No. _15_____

7    Valley Joist, LLC, et al.

8    Defendant / Respondent / Joint Petitioner.

     _____/

9

10   SUMMONS

11   **TO THE DEFENDANT: YOU HAVE BEEN SUED.   THE COURT MAY DECIDE**
     **AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN**
12   **WRITING WITHIN 21 DAYS.     READ THE INFORMATION BELOW VERY**
     **CAREFULLY.**
13       A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set
14   forth in that document (see complaint or petition).   When service is by publication, add a brief
     statement of the object of the action.
15   The object of this action is: _employment and professional negligence_____.

16   1. If you intend to defend this lawsuit, you must do the following within 21 days after service
        of this summons, exclusive of the day of service:
17       a.  File with the Clerk of the Court, whose address is shown below, **a formal written**
             **answer** to the complaint or petition, along with the appropriate filing fees, in
18           accordance with the rules of the Court, and;
19       b.  Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address
             is shown below.
20   2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this
        Court may enter a judgment against you for the relief demanded in the complaint or
21       petition.

22   Dated this _30th_ day of _December_____, 20 20 .

23   Issued on behalf of Plaintiff(s):         JACQUELINE BRYANT
                                               CLERK OF THE COURT
24
     Name: _Kristen Geddes, Esq._____          By: _____/S/ AZ MORA_____
25   Address: _1575 Delucchi Lane, Suite 206_       Deputy Clerk
     _Reno, NV 89502_____          Second Judicial District Court
26   Phone Number: (775) 853-9455               75 Court Street
27   Email: kristen@thegeddeslawfirm.com        Reno, Nevada 89501

28

                                    1

FILED
Electronically
CV20-01749
2020-12-30 11:11:24 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 8223881 : csulezic

1 | **$1425**
WILLIAM J. GEDDES
2 | Nevada Bar No. 6984
KRISTEN R. GEDDES
3 | Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
4 | 1575 Delucchi Lane, Suite 206
Email: Will@TheGeddesLawFirm.com
5 | Email: Kristen@TheGeddesLawFirm.com
Reno, Nevada 89502
6 | Phone: (775) 853-9455
Fax: (775) 299-5337
7 | *Attorneys for Plaintiff Rubin McElroy*

8 | **IN THE SECOND JUDICIAL DISTRICT COURT OF**
**STATE OF NEVADA IN AND FOR THE**
9 | **COUNTY OF WASHOE**

10 | RUBIN McELROY, an individual,    CASE NO: CV20-01749.

11 | Plaintiff,    DEPT. NO: 15

12 | vs.

13 | VALLEY JOIST, LLC; RENO ORTHOPEDIC    **COMPLAINT**
CLINIC, P.C.; THOMAS CHRISTENSEN,
14 | M.D.; DOES I-X; and DOE BUSINESS    **JURY DEMAND**
ENTITIES 1-10
15 |     **EXEMPT FROM ARBITRATION BASED**
**UPON:**
Defendants.    **(1) AN ACTION PROCEEDING**
16 |     **PURSUANT NRS 41A.003 *et seq.*;**
**(2) AN ACTION REQUESTING**
17 |     **DECLARATORY RELIEF; and**
**(3) PROBABLE JURY AWARD IN**
18 |     **EXCESS OF $50,000.00**

19 |

20 | COMES NOW Plaintiff RUBIN McELROY, by and through his counsel, William J. Geddes,

21 | Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of

22 | Defendants Valley Joist, LLC, Thomas Christensen, M.D., and Reno Orthopedic Clinic as follows.

23 | **I.**

24 | **STATEMENT OF THE CASE**

25 | This is a professional negligence, negligence and employment-discrimination case arising under

26 | Nevada law and the Family Medical Leave Act ("FMLA"). Plaintiff was a disabled person and alleges

27 | herein that he suffered discrimination and retaliation based on his disabilities, that he was denied

28 | protected leave under the Family Medical Leave Act, when Defendant Valley Joist interfered with

*(left margin)* The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1

Exhibit 1  Page 5

1  Plaintiff's protected medical leave and terminated him. In addition, Plaintiff asserts negligence-based
2  claims against his physician and the medical facility. Plaintiff seeks monetary, equitable, and
3  injunctive relief.

4                                                    II.

5                                **JURISDICTION AND VENUE**

6      1.      The negligence and negligent supervision claims of this case are maintained pursuant to
7  NRS 41A.003 *et seq.*, the disability discrimination and retaliation claims are actionable under NRS
8  613.330 and NRS 613.340; and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

9      2.      Venue is proper in the Second Judicial District Court in Washoe County, Nevada,
10 because:

11          (a)     Defendants Reno Orthopedic Clinic and James Christensen, M.D., conducted
12 business in the City of Reno, County of Washoe, Nevada, where a substantial part of the events or
13 omissions giving rise to the claims of the case occurred and where Defendant Reno Orthopedic Clinic's
14 principal place of business is located; and

15          (b)     Venue is proper in a judicial district in which a substantial part of the events or
16 omissions giving rise to the claims of the case occurred, or where any defendant resides.

17                                                   II.

18                       **NO REQUIREMENT FOR MEDICAL AFFIDAVIT**

19     3.      McELROY alleges that the legal claims and prayer for damages of this litigation are not
20 controlled or governed by NRS Chapter 41A, which governs actions for professional negligence of a
21 health care provider, because Defendant Christensen's negligent completion of the Certification of
22 Health Care Provider for Employee's Serious Health Condition pursuant to the FMLA did not
23 constitute the rendering of services by a provider of health care, within the meaning of NRS 41A.015
24 and NRS 41A.017, but instead constituted the performance of nonmedical services, which sound in
25 ordinary negligence, plead in the alternative. *See Estate of Curtis, et al. v. South Las Vegas Medical
26 Investors*, 136 Nev. Adv. Op. 39, *8, ___ P.3d ___ (July 9, 2020) (citing *Szymborski v. Spr. Mtn.
27 Treatment Ctr.*, 133 Nev. 638 403 P.3d 1280 (2017)).

28     4.      Accordingly, an affidavit of a medical expert is not required to support any allegation of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

2

Exhibit 1 Page 6

1  this complaint, under NRS 41A.071, nor do the damages caps of NRS Chapter 41A apply to this case.

2      5.      Nevertheless, in the alternative, if the Court determines that NRS Chapter 41A governs

3  any aspect of this complaint, McELROY alleges herein that the "common knowledge" exception to the

4  medical affidavit requirement applies, because the professional negligence of Defendant Christensen

5  and ROC is apparent to, and can be resolved without any expert testimony. *Estate of Curtis, id.*

6                                          **IV.**

7                                      **PARTIES**

8      6.      At all relevant times herein, Plaintiff RUBIN McELROY ("McELROY") was a citizen

9  of the state of Nevada, residing in the County of Lyon, Nevada, and he was employed by Defendant

10  Valley Joist, LLC.

11     7.      Defendant VALLEY JOIST, LLC ("VALLEY JOIST") is a foreign limited-liability

12  company, authorized to do business in the state of Nevada and actually doing business as a limited

13  liability company in the state of Nevada, operating as fabricator of steel joist and deck product systems.

14     8.      Defendant RENO ORTHOPEDIC CLINIC ("ROC"), is a domestic professional

15  corporation under the laws of Nevada that provides orthopedic services in Reno, Sparks, and Fallon,

16  Nevada. Its principal office is located at 555 North Arlington Avenue, Reno Nevada.

17     9.      Defendant THOMAS CHRISTENSEN, M.D., is a Nevada-licensed physician, providing

18  orthopedic services at its location at 555 North Arlington Avenue, Reno Nevada.

19     10.     The true names and capacities, of the Defendants sued herein as DOES 1-10, are

20  unknown to McELROY, who sues those Defendants by such fictitious names. McELROY alleges, on

21  information and belief, that each of the Defendants sued herein as DOES 1-10, inclusive, at all relevant

22  times, performed acts, or were responsible for performing acts, relating to matters involving

23  McELROY's employment, efforts to continue his employment, termination, and all matters concerning

24  their failure to accommodate McELROY's disabilities and their unlawful disability discrimination

25  committed against McELROY, as described herein. McELROY alleges, on information and belief, that

26  each of the Defendants sued herein as DOES 1-10 inclusive, are responsible in some manner for the

27  events and injuries alleged herein. McELROY alleges, on information and belief, DOES 1-10,

28  inclusive, are, and at all times relevant hereto were residents of the state of Nevada or had a presence in

The Geddes Law Firm, P.C.,
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

3

Exhibit 1  Page 7

1  Nevada or are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes.  McELROY
2  will seek leave of Court to amend this Complaint to state the true names and capacities of such
3  Defendants when they have been ascertained.

4      11.  The true names and capacities, of the Defendants sued herein as DOE BUSINESS
5  ENTITIES 1-10, inclusive, are unknown to MCELROY, who sues those Defendants by such fictitious
6  names.  MCELROY alleges, on information and belief, that each of the Defendants sued herein as DOE
7  BUSINESS ENTITIES 1-10, inclusive, at all relevant times, performed acts, or were responsible for
8  performing acts, relating to matters involving MCELROY's employment, efforts to continue his
9  employment, termination, and all matters concerning their failure to accommodate MCELROY's
10  disabilities and their unlawful disability discrimination committed against MCELROY, as described
11  herein.  MCELROY alleges, on information and belief, that each of the Defendants sued herein as DOE
12  BUSINESS ENTITIES 1-10, inclusive, are responsible in some manner for the events and injuries
13  alleged herein.  MCELROY alleges, on information and belief, DOE BUSINESS ENTITIES 1-10,
14  inclusive, are, and at all times relevant hereto were, domestic or foreign business entities of any kind,
15  including but not limited to corporations, associations, partnerships, companies, national associations,
16  organizations, unions, non-profit organizations, and joint ventures, that were qualified to do business in
17  Nevada or held themselves out to the public to be qualified to do business in Nevada, and actually did
18  business as an entity in the State of Nevada, had a presence in Nevada or are otherwise amenable to suit
19  in Nevada under Nevada's "Long-Arm" statutes.  MCELROY will seek leave of Court to amend this
20  Complaint to state the true names and capacities of DOE BUSINESS ENTITIES 1-10, inclusive, when
21  they have been ascertained.

22                                       V.
23         **GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

24      12.  McELROY was hired on or around August 3, 2018, to work as a rigger for Defendant
25  VALLEY JOIST.

26      13.  On or around July 10, 2019, McElroy was diagnosed with carpal tunnel syndrome
27  bilateral of the upper limbs, which disabilities ("Disabilities") substantially limited one or more of
28  McELROY's major life activities.

4

Exhibit 1  Page 8

The Geddes Law Firm, P.C.<br>1575 Delucchi Lane, Suite 206<br>Reno, NV 89502<br>Phone 775-853-9455

14.    At all relevant times herein, McELROY had, and has, a record of such Disabilities.

15.    At all relevant times herein, Defendants have regarded McELROY as having such Disabilities.

16.    At all relevant times herein, McELROY's Disabilities qualified, and qualify, as "disabilities," within the meaning of NRS 613.310(1).

17.    At all relevant times herein, Defendants, and each of them, were aware of McELROY's Disabilities.

18.    On or around July 12, 2019, McELROY verbally notified Defendant VALLEY JOIST of his bilateral carpal tunnel diagnosis and also notified his employer that he would require surgery on both upper extremities for treatment of said Disabilities.

19.    When McELROY first advised Defendant VALLEY JOIST that he needed two surgeries for his Disabilities, he told the Safety Coordinator, Marcia Edwards and also the Plant Manager, Mario Ibarra, that McELROY would need 6 weeks to recover following each surgery.

20.    McELROY was scheduled for, and subsequently did have surgery on both hands in a staged fashion to allow a period of recovery between the two surgeries.

21.    McELROY had his first surgery on the first hand on or around September 18, 2019.

22.    McELROY had a second surgery on the other hand on or around October 2, 2019.

23.    Because Defendant CHRISTENSEN had advised McELROY that he would require a 6-week period of recovery after each surgery, McELROY applied for leave under the FMLA.

24.    As part of his application for leave under the FMLA, McELROY requested that Defendant CHRISTENSEN complete a Certification of Health Care Provider for Employee's Serious Health Condition under the FMLA ("Certification"), as part of McELROY's FMLA application.

25.    The Certification was completed by Defendant CHRISTENSEN; or, on information and belief, was delegated by Defendant CHRISTENSEN to DOES 1-10, who completed the Certification for Defendant CHRISTENSEN's signature.

26.    The Certification signed by Defendant CHRISTENSEN was provided by Defendant CHRISTENSEN and Defendant ROC to Defendant Valley Joist and was not seen by McELROY until after McELROY's termination, as discussed herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

5

Exhibit 1  Page 9

1    27.    The Certification stated that McELROY's leave under the FMLA was to start on
2  September 6, 2019 and would continue through October 18, 2019.

3    28.    Despite Defendant CHRISTENSEN ordering McELROY off for 6 weeks after surgery,
4  the Certification only provided for 16 days of leave after the second surgery, and not 6 weeks, as
5  ordered by Defendant CHRISTENSEN.

6    29.    That the Certification was negligently completed by only providing for 16 days of leave
7  after the second surgery was unknown to McELROY, because the Certification was transmitted directly
8  to Valley Joist by Defendant's CHRISTENSEN and ROC, and not through McELROY.

9    30.    In addition to his request for leave under the FMLA, McELROY also submitted a
10  doctor's note to Defendant VALLEY JOIST on or around September 5, 2019, which stated "PATIENT
11  IS OFF OF WORK EFFECTIVE 9/6/19.  WILL BE OFF UNTIL 6 WEEKS AFTER SURGERY."

12    31.    Consequently, through McELROY's earlier verbal statements that he required 6 weeks
13  of recovery for each surgery and the doctor's note provided to his employer on or around September 5,
14  2019, Defendant VALLEY JOIST knew or should have known that the Certification by Defendant
15  CHRISTENSEN erroneously stated that McELROY's return to work date was 16 days after his second
16  surgery.

17    32.    Defendant VALLEY JOIST accepted McELROY's FMLA paperwork, yet never
18  questioned the duration of the leave stated in in the Certification, despite McELROY's earlier verbal
19  statements and Defendant VALLEY JOIST receiving a doctor's note at around the same date of the
20  Certification, stating McELROY would need to be off work for 6 weeks after surgery.

21    33.    On or around November 1, 2019, McELROY's wife discovered that medical claims
22  related to McELROY's surgeries had been denied, due to the termination of his medical benefits.

23    34.    On or around November 2, 2019, McELROY went to Defendant VALLEY JOIST's
24  plant and spoke to Mario Ibarra, Plant Manager about the termination of his medical benefits.

25    35.    Ibarra told McELROY he had terminated McELROY on or around October 31, 2019, as
26  a "no call-no show."

27  . . .

28  . . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

6

Exhibit 1  Page 10

36.     It was then that McELROY discovered that Defendant CHRISTENSEN had negligently completed the Certification by failing to accurately state the duration of McELROY's FMLA leave and instead, stated the wrong return-to-work date.

37.     McELROY contacted Defendant CHRISTENSEN about the wrong return to work date stated in the Certification, which Defendant CHRISTENSEN subsequently corrected to accurately state the duration of leave required for McELROY's recovery, through November 11, 2019.

38.     McELROY immediately returned to Defendant VALLEY JOIST on or around November 2, 2019, and presented the Certification to Mr. Ibarra and requested that his employment be reinstated.

39.     Mr. Ibarra stated he "wished he could help McELROY out," and that it appeared McELROY had "fallen through the cracks," but told McELROY he had to resolve the issue through the human resources department of Defendant VALLEY JOIST, which is located in Alabama.

40.     For approximately the next four-weeks, McELROY repeatedly called the human resources department for Defendant VALLEY JOIST in Alabama, and left messages when his calls went unanswered.

41.     None of McELROY's calls were every returned.

42.     On or around May 28, 2020, McELROY timely initiated, or caused to be submitted a charge of unlawful discrimination the Nevada Equal Rights Commission ("NERC") in NERC Claim No. 34B-2020-01134, which alleged violations of Nevada law, based on his Disabilities.

43.     On or around September 25, 2020, NERC issued a "right-to-sue letter" for the discrimination and retaliation claims of this case, set forth in NERC Claim No. 34B-2020-01134, and McElroy timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter.

44.     On or around October 6, 2020, the Equal Employment Opportunity Commission ("EEOC") issued a "right-to-sue letter" for the discrimination and retaliation claims of this case, set forth in EEOC Charge No. 34B-2020-01134, and McElroy timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter."

. . .

. . .

The Gadsden Law Firm, P.C.
15751 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

7

Exhibit 1  Page 11

1

## VI.

2

### FIRST CLAIM FOR RELIEF

3

### VIOLATION OF NEVADA'S ANTI-DISCRIMINATION STATUTE (NRS 613.330) BASED ON DISABILITY
### (AGAINST DEFENDANT VALLEY JOIST)

4

5

6

45.    McELROY incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

7

8

9

46.    Under Nevada's anti-discrimination statute, codified at NRS § 613.330, it is an unlawful employment practice for an employer to discriminate against any of its employees on the basis of the employee's disability.

10

11

12

13

14

47.    At all relevant times herein, McELROY's Disabilities were physical disabilities and related conditions, causing pain, suffering, and physical limitations to his body, which Disabilities are covered by, and within the meaning of, NRS 613.330, in that these physical impairments substantially limited one or more of McELROY's major life activities.

15

16

48.    At all relevant times herein, Defendants VALLEY JOIST, including through its agents and employees:

17

    (a)    were aware of McELROY's Disabilities;

18

    (b)    were aware that McELROY had a record of such Disabilities; and/or

19

20

    (c)    regarded McELROY as having physical impairments, including his Disabilities, that substantially limited one or more of his major life activities, in connection with his amputation, including the activities of walking and standing.

21

22

23

49.    Notwithstanding McELROY's Disabilities, at all relevant times herein, McELROY could perform the essential functions of his job, with or without a reasonable accommodation of his Disabilities.

24

25

26

27

50.    At all relevant times herein, Defendants VALLEY JOIST, including through its employees and agents, intentionally engaged in unlawful discrimination and disparate treatment of McELROY, as compared to other similarly-situated employees, and such differences in treatment were based on McELROY's protected characteristic of his Disabilities, described herein.

28

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

8

Exhibit 1  Page 12

1  51.     Defendants VALLEY JOIST, through their employees and agents, engaged in such
2  disparate treatment and unlawful discrimination of McELROY because of, or substantially motivated
3  by, McELROY's disabilities, including, when:

4               (a)     failing to accommodate McELROY's Disabilities described herein;

5               (b)     failing to engage in the interactive process for those Disabilities; and

6               (c)     terminating McELROY from his employment.

7  52.     At all relevant times herein, McELROY's Disabilities were because of, or were a
8  motivating factor in the decisions of Defendants VALLEY JOIST, including through its employees and
9  agents, to intentionally engage in the disparate treatment and unlawful discrimination against
10  McELROY, as described herein, for which Defendants VALLEY JOIST are liable for its culpable
11  conduct under NRS 613.330.

12  53.     As a result of such intentional, unlawful, and discriminatory conduct against McELROY
13  by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
14  Disabilities, McELROY has suffered, and continues to suffer, economic losses, including lost wages
15  and benefits, back pay, front pay, physical and emotional harm, including mental anguish,
16  inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable
17  damages, in an amount to be proven at trial.

18  54.     The disparate treatment and unlawful discrimination by Defendants VALLEY JOIST,
19  including through their employees and agents, was willful, malicious, and/or engaged in with a reckless
20  indifference to the health, safety, wellbeing, and federally-protected rights of McELROY— including
21  because Defendants summarily terminated McELROY after he pursued his rights to reasonable
22  accommodation—warranting an award of punitive damages, to punish Defendants VALLEY JOIST, in
23  an amount determined by a jury at trial, according to law.

24  55.     As a result of such intentional, unlawful, and discriminatory conduct against McELROY
25  by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
26  Disabilities, McELROY has had to retain the services of attorneys in this matter, and he, therefore, is
27  entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his
28  court costs, in an amount to be proven at trial.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

9

Exhibit 1  Page 13

56.     As a result of such intentional, unlawful, and discriminatory conduct against McELROY by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's Disabilities, McELROY is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants VALLEY JOIST violated McELROY's rights by engaging in unlawful discrimination, as alleged herein.

57.     As a result of such intentional, unlawful, and discriminatory conduct against McELROY by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's Disabilities, McELROY is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendants VALLEY JOIST to give effect to the rights of McELROY, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case; and, if appropriate and feasible, the reinstatement of McELROY to his prior employment position, with full pay and benefits, as if never terminated.

## VII.

### SECOND CLAIM FOR RELIEF

#### VIOLATION OF THE ANTI-RETALIATION PROVISIONS OF NRS 613.340 (AGAINST DEFENDANT VALLEY JOIST)

58.     McELROY incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

59.     Under Nevada's anti-retaliation provision, codified at Nevada Revised Statutes ("NRS") § 613.340, it is an unlawful employment practice for an employer to discriminate against any of its employees because the employee has opposed any practice made an unlawful employment practice by NRS 613.310-613.4383 or because the employee has participated in an investigation concerning the same.

60.     At all relevant times herein, McELROY engaged in conduct amounting to "protected activity" under the anti-retaliation provisions of NRS § 613.340, including, when McELROY requested a reasonable accommodation for his Disabilities.

61.     During his employment, McELROY suffered adverse actions by Defendants including

10

Exhibit 1  Page 14

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  when Defendants VALLEY JOIST terminated McELROY from his employment, as described herein.

2       62.    At all relevant times herein, Defendant VALLEY JOIST and their employees, subjected

3  McELROY to these adverse actions because of his participation in such protected activity relating to

4  his Disabilities.

5       63.    At all times relevant herein, such adverse actions taken by Defendant VALLEY JOIST

6  and their employees against McELROY would be materially adverse to a reasonable employee,

7  reasonably likely to deter charging parties or others from engaging in protected activity, and such

8  adverse employment actions materially affected the compensation, terms, conditions, or privileges of

9  McELROY's employment and other rights secured to McELROY .

10       64.    There was a causal link between McELROY's protected activity and these adverse

11  employment actions that McELROY suffered.

12       65.    Defendant VALLEY JOIST and their employees unlawfully discriminated against

13  McELROY by retaliation, described herein, and violated the anti-retaliation provisions of NRS §

14  613.340.

15       66.    As a result of the unlawful discrimination and retaliation by Defendant VALLEY JOIST

16  and their employees, McELROY  has suffered, and continues to suffer, losses, injuries, damages, and

17  harm, including the following:

18            (a)    economic losses, including back pay, front pay, and pecuniary compensatory

19  damages;

20            (b)    non-pecuniary, compensatory damages, including emotional pain, suffering,

21  inconvenience, mental anguish, loss of enjoyment of life; and

22            (c)    wrongful interference with his ability to find new employment in the future.

23       67.    Accordingly, McELROY is entitled to compensatory and equitable damages, in an

24  amount to be proven at trial, and he is entitled to equitable relief to address harm that cannot adequately

25  be remedied by money damages but requires injunctive relief, as prayed for herein.

26       68.    The unlawful discrimination and retaliation by Defendant VALLEY JOIST and their

27  employees was willful, malicious, and/or engaged in with a reckless indifference to the federally-

28  protected rights of McELROY —including because Defendant summarily terminated McELROY after

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

11

Exhibit 1  Page 15

1 he pursued his rights to reasonable accommodation—warranting an award of punitive damages, to

2 punish Defendants VALLEY JOIST, in an amount determined by a jury at trial, according to law.

3    69.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY

4 JOIST and their employees, described herein, McELROY has had to retain the services of attorneys in

5 this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs,

6 his expert-witness fees, and his court costs, in an amount to be proven at trial.

7    70.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY

8 JOIST, Defendants and their employees, described herein, McELROY is entitled to, and seeks,

9 declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY JOIST and their

10 employees violated McELROY's rights by engaging in unlawful discrimination and retaliation, as

11 alleged herein.

12    71.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY

13 JOIST and their employees, McELROY  is entitled to, and seeks, injunctive relief, in the form of an

14 injunction issued by this Court, that:

15    (a)    compels Defendant VALLEY JOIST to remove false, adverse information

16 contained in McELROY 's personnel files, relating to the claims of this case, and

17    (b)    if appropriate and feasible, compel Defendant VALLEY JOIST to reinstate

18 McELROY  to his prior employment position, with full pay and benefits, as if never terminated.

19                                     **VIII.**

20                           **THIRD CLAIM FOR RELIEF**

21               **UNLAWFUL DISCRIMINATION BASED ON DISABILITY:**

22   **Failure to Accommodate Disabilities, Unlawful Terms and Conditions of Employment,**
                              **and Termination of Employment**
23
     **(Americans With Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq.*)**
24                   **(AGAINST DEFENDANT VALLEY JOIST)**

25    72.    McELROY incorporates by reference all prior allegations of this *Complaint*, as though

26 fully set forth herein.

27    73.    At all relevant times herein, McELROY's Disabilities were physical disabilities physical

28

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

12

Exhibit 1  Page 16

1 limitations to his body, which Disabilities are covered by, and within the meaning of, the ADA codified
2 at 42 U.S.C. § 12102 *et seq.*, in that these physical impairments substantially limited one or more of
3 McELROY's major life activities

4    74.    At all relevant times herein, Defendants VALLEY JOIST, including through its agents
5 and employees:

6        (a)    were aware of McELROY's Disabilities;

7        (b)    were aware that McELROY had a record of such Disabilities; and/or

8        (c)    regarded McELROY as having physical impairments, including his Disabilities,
9 that substantially limited one or more of his major life activities, in connection with his amputation,
10 including the activities of walking and standing.

11    75.    Notwithstanding McELROY's Disabilities, at all relevant times herein, McELROY
12 could perform the essential functions of his job, with or without a reasonable accommodation of his
13 Disabilities.

14    76.    At all relevant times herein, Defendants VALLEY JOIST, including through its
15 employees and agents, intentionally engaged in unlawful discrimination and disparate treatment of
16 McELROY, as compared to other similarly-situated employees, and such differences in treatment were
17 based on McELROY's protected characteristic of his Disabilities, described herein.

18    77.    Defendants VALLEY JOIST, through their employees and agents, engaged in such
19 disparate treatment and unlawful discrimination of McELROY because of, or substantially motivated
20 by, McELROY's disabilities, including, when:

21        (d)    failing to accommodate McELROY's Disabilities described herein;

22        (e)    failing to engage in the interactive process for those Disabilities; and

23        (f)    terminating McELROY from his employment.

24    78.    At all relevant times herein, McELROY's Disabilities were because of, or were a
25 motivating factor in the decisions of Defendants VALLEY JOIST, including through its employees and
26 agents, to intentionally engage in the disparate treatment and unlawful discrimination against
27 McELROY, as described herein, for which Defendants VALLEY JOIST are liable for its culpable
28 conduct under 42 U.S.C. § 12101 *et seq.*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

13

Exhibit 1  Page 17

1     79.    As a result of such intentional, unlawful, and discriminatory conduct against McELROY
2 by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
3 Disabilities, McELROY has suffered, and continues to suffer, economic losses, including lost wages
4 and benefits, back pay, front pay, physical and emotional harm, including mental anguish,
5 inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable
6 damages, in an amount to be proven at trial.

7     80.    The disparate treatment and unlawful discrimination by Defendants VALLEY JOIST,
8 including through their employees and agents, was willful, malicious, and/or engaged in with a reckless
9 indifference to the health, safety, wellbeing, and federally-protected rights of McELROY— including
10 because Defendants summarily terminated McELROY after he pursued his rights to reasonable
11 accommodation—warranting an award of punitive damages, to punish Defendants VALLEY JOIST, in
12 an amount determined by a jury at trial, according to law.

13    81.    As a result of such intentional, unlawful, and discriminatory conduct against McELROY
14 by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
15 Disabilities, McELROY has had to retain the services of attorneys in this matter, and he, therefore, is
16 entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his
17 court costs, in an amount to be proven at trial.

18    82.    As a result of such intentional, unlawful, and discriminatory conduct against McELROY
19 by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
20 Disabilities, McELROY is entitled to, and seeks, declaratory relief, in the form of a declaration by this
21 Court, that Defendants VALLEY JOIST violated McELROY's rights by engaging in unlawful
22 discrimination, as alleged herein.

23    83.    As a result of such intentional, unlawful, and discriminatory conduct against McELROY
24 by Defendants VALLEY JOIST, including through their employees and agents, based on McELROY's
25 Disabilities, McELROY is entitled to, and seeks, injunctive relief, in the form of an injunction issued
26 by this Court, that compels Defendants VALLEY JOIST to give effect to the rights of McELROY, and
27 to take other appropriate action, including: the removal of all adverse information from his employee
28 file, relevant to the claims of this case; and, if appropriate and feasible, the reinstatement of McELROY

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

14

Exhibit 1  Page 18

1 | to his prior employment position, with full pay and benefits, as if never terminated.

2 | IX.

3 | **FOURTH CLAIM FOR RELIEF**

4 | **VIOLATION OF THE ANTI-RETALIATION PROVISIONS OF NRS 613.340**

6 | **(AGAINST DEFENDANT VALLEY JOIST)**

7 | 84.   McELROY incorporates by reference all prior allegations of this *Complaint*, as though
8 | fully set forth herein.

9 | 85.   Under the anti-retaliation provision of the ADA, codified at 42 U.S.C. § 12203(a), it is
10 | an unlawful employment practice for an employer to discriminate against any of its employees because
11 | the employee has opposed any practice made an unlawful employment practice by 42 U.S.C. § 12117,
12 | *et seq.* or because the employee has participated in an investigation concerning the same.

13 | 86.   At all relevant times herein, McELROY engaged in conduct amounting to "protected
14 | activity" under the anti-retaliation provisions of NRS § 613.340, including, when McELROY requested
15 | a reasonable accommodation for his Disabilities.

16 | 87.   During his employment, McELROY suffered adverse actions by Defendants including
17 | when Defendants VALLEY JOIST terminated McELROY from his employment, as described herein.

18 | 88.   At all relevant times herein, Defendant VALLEY JOIST and their employees, subjected
19 | McELROY to these adverse actions because of his participation in such protected activity relating to
20 | his Disabilities.

21 | 89.   At all times relevant herein, such adverse actions taken by Defendant VALLEY JOIST
22 | and their employees against McELROY would be materially adverse to a reasonable employee,
23 | reasonably likely to deter charging parties or others from engaging in protected activity, and such
24 | adverse employment actions materially affected the compensation, terms, conditions, or privileges of
25 | McELROY's employment and other rights secured to McELROY .

26 | 90.   There was a causal link between McELROY's protected activity and these adverse
27 | employment actions that McELROY suffered.

28 | 91.   Defendant VALLEY JOIST and their employees unlawfully discriminated against

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

15

Exhibit 1  Page 19

1    McELROY by retaliation, described herein, and violated the anti-retaliation provisions of the ADA,
2    including as codified at 42 U.S.C. § 12203.

3        92.    As a result of the unlawful discrimination and retaliation by Defendant VALLEY JOIST
4    and their employees, McELROY has suffered, and continues to suffer, losses, injuries, damages, and
5    harm, including the following:

6            (d)    economic losses, including back pay, front pay, and pecuniary compensatory
7    damages;

8            (e)    non-pecuniary, compensatory damages, including emotional pain, suffering,
9    inconvenience, mental anguish, loss of enjoyment of life; and

10           (f)    wrongful interference with his ability to find new employment in the future.

11       93.    Accordingly, McELROY is entitled to compensatory and equitable damages, in an
12   amount to be proven at trial, and he is entitled to equitable relief to address harm that cannot adequately
13   be remedied by money damages but requires injunctive relief, as prayed for herein.

14       94.    The unlawful discrimination and retaliation by Defendant VALLEY JOIST and their
15   employees was willful, malicious, and/or engaged in with a reckless indifference to the federally-
16   protected rights of McELROY —including because Defendant summarily terminated McELROY after
17   he pursued his rights to reasonable accommodation—warranting an award of punitive damages, to
18   punish Defendants VALLEY JOIST, in an amount determined by a jury at trial, according to law.

19       95.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY
20   JOIST and their employees, described herein, McELROY has had to retain the services of attorneys in
21   this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs,
22   his expert-witness fees, and his court costs, in an amount to be proven at trial.

23       96.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY
24   JOIST, Defendants and their employees, described herein, McELROY is entitled to, and seeks,
25   declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY JOIST and their
26   employees violated McELROY's rights by engaging in unlawful discrimination and retaliation, as
27   alleged herein.

28       97.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY

16

Exhibit 1  Page 20

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1 | JOIST and their employees, McELROY is entitled to, and seeks, injunctive relief, in the form of an
2 | injunction issued by this Court, that:

3 |     (c)    compels Defendant VALLEY JOIST to remove false, adverse information
4 | contained in McELROY 's personnel files, relating to the claims of this case, and

5 |     (d)    if appropriate and feasible, compel Defendant VALLEY JOIST to reinstate
6 | McELROY to his prior employment position, with full pay and benefits, as if never terminated.

7 | ## X.

8 | ### FIFTH CLAIM FOR RELIEF
### FMLA INTERFERENCE
9 |
### (29 U.S.C. § 2601 *et seq.*)
10 |
### (AGAINST DEFENDANT VALLEY JOIST)
11 |

12 | 98.    McELROY incorporates by reference all prior allegations of this *Complaint*, as though
13 | fully set forth herein.

14 | 99.    Defendant VALLEY JOIST has more than 50 employees and is a covered employer by
15 | the FMLA, and, pursuant to 29 CFR § 825.108(d).

16 | 100.    The FMLA provides that an employer must provide an eligible employee with up to 12
17 | workweeks of leave for a serious health condition. The FMLA also requires that the employer
18 | guarantee the eligible employee the same or a comparable position upon the termination of the leave.
19 | McELROY is an eligible employee under the FMLA.

20 | 101.    Defendant violated by the FMLA by, *inter alia*, refusing to reinstate McElroy to his
21 | prior to position or an equivalent position, and by terminating his employment.

22 | 102.    As a direct and proximate result of the Defendant's conduct, McELROY has suffered,
23 | and continues to suffer, losses, injuries, damages, and harm, including the following economic losses,
24 | including back pay, front pay, and pecuniary compensatory damages.

25 | 103.    As a direct and proximate result of the Defendant's conduct, McELROY is entitled to
26 | liquidated damages, as Defendant did not act in good faith and had no reasonable grounds for believing
27 | they were not violating the FMLA.

28 | 104.    As a result of this unlawful discrimination by Defendant VALLEY JOIST and their

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

17

Exhibit 1  Page 21

1  employees, as described herein, McELROY has had to retain the services of attorneys in this matter,
2  and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-
3  witness fees, and his court costs, in an amount to be proven at trial.

4      105.    As a result of this unlawful discrimination and retaliation by Defendant VALLEY
5  JOIST, Defendant and their employees, described herein, McELROY is entitled to, and seeks,
6  declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY JOIST and their
7  employees violated McELROY's rights by engaging in unlawful discrimination, as alleged herein.

8      106.    Finally, McELROY  is entitled to, and seeks, injunctive relief, in the form of an
9  injunction issued by this Court, that:

10         (a)    compels Defendant VALLEY JOIST to remove false, adverse information
11             contained in McELROY 's personnel files, relating to the claims of this case, and

12         (b)    if appropriate and feasible, compels Defendant VALLEY JOIST to reinstate
13  McELROY to his prior employment position, with full pay and benefits, as if never terminated.

14                                    **XI.**

15                          **SIXTH CLAIM FOR RELIEF**
                            **FMLA RETALIATION**
16
17                            **(29 U.S.C. § 2601 *et seq.*)**

18                        **AGAINST DEFENDANT VALLEY JOIST**

      107.    McELROY incorporates by reference all prior allegations of this *Complaint*, as though
19
20  fully set forth herein.

      108.    The FMLA makes it unlawful for an employer to discriminate or retaliate against an
21
22  employee who exercises his right to leave.  29 U.S.C. § 2615(a)(1)-(2).  McELROY is an eligible
23  employee under the FMLA.

      109.    Defendant retaliated against McELROY because he exercised his rights under the
24
25  FMLA, by *inter alia*, terminating McELROY's employment and refusing to reinstate McELROY when
26  he complained of not being returned to his same or comparable position he previously held.

      110.    As a direct and proximate result of the Defendant's conduct, McELROY has suffered,
27
28  and continues to suffer, losses, injuries, damages, and harm, including the following economic losses,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

                                    18

Exhibit 1  Page 22

1  including back pay, front pay, and pecuniary compensatory damages.

2      111.   As a direct and proximate result of the Defendant's conduct, McELROY is entitled to
3  liquidated damages, as Defendant did not act in good faith and had no reasonable grounds for believing
4  they were not violating the FMLA.

5      112.   As a result of this unlawful retaliation by Defendant VALLEY JOIST and their
6  employees, described herein, McELROY has had to retain the services of attorneys in this matter, and
7  he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-
8  witness fees, and his court costs, in an amount to be proven at trial.

9      113.   As a result of this unlawful discrimination and retaliation by Defendant VALLEY
10  JOIST, Defendant and their employees, described herein, McELROY is entitled to, and seeks,
11  declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY JOIST and their
12  employees violated McELROY's rights by engaging in unlawful retaliation, as alleged herein.

13      114.   Finally, McELROY  is entitled to, and seeks, injunctive relief, in the form of an
14  injunction issued by this Court, that:

15          (a)    compels Defendant VALLEY JOIST to remove false, adverse information
16          contained in McELROY 's personnel files, relating to the claims of this case, and

17          (b)    if appropriate and feasible, compels Defendant VALLEY JOIST to reinstate
18  McELROY to his prior employment position, with full pay and benefits, as if never terminated.

19                                          **XII.**
                              **SEVENTH CLAIM FOR RELIEF**
20              **PROFESSIONAL NEGLIGENCE (NRS 41A.003 et seq.)**

21                      **(AGAINST DEFENDANT CHRISTENSEN)**

22      115.   McELROY incorporates by reference all prior allegations of this *Complaint*, as though
23  fully set forth herein.

24      116.   Defendant CHRISTENSEN is a "provider of health care" as defined by NRS 41A.017.

25      117.   Defendant CHRISTENSEN had a duty to use such skill, prudence and diligence as other
26  members of the profession commonly possess and exercise in the completion of a Certification of
27  Health Care Provider for Employee's Serious Health Condition.

28      118.   Defendant CHRISTENSEN breached that duty when he negligently stated the wrong

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

19

Exhibit 1  Page 23

1  return to work date for McELROY in the Certification of Health Care Provider for Employee's Serious
2  Health Condition, which professional negligence was the proximate cause of McELROY's termination
3  of his employment and other injures as complained of herein.

4      119.    As a direct and proximate result of Defendant CHRISTENSEN's conduct, McELROY
5  has suffered, and continues to suffer, losses, injuries, damages, and harm, including the following
6  economic losses, including back pay, front pay, and pecuniary compensatory damages.

7      120.    As a result of this professional negligence by Defendant CHRISTENSEN, described
8  herein, McELROY has had to retain the services of attorneys in this matter, and he, therefore, is entitled
9  to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court
10 costs, in an amount to be proven at trial.

11
                                       **XIII.**
12                          **EIGHTH CLAIM FOR RELIEF**
              **NEGLIGENT HIRING, SUPERVISION, TRAINING OR RETENTION**
13                            **(NRS 41A.003 *et seq.*)**

14                **(AGAINST DEFENDANTS CHRISTENSEN AND ROC)**

15      121.    McELROY incorporates by reference all prior allegations of this *Complaint*, as though
   fully set forth herein.
16
17      122.    Defendants CHRISTENSEN and ROC, and each of them, were the employers of,
   controlled the management and supervision of, and/or were in management or supervisory positions
18
   over the employees/agents/representatives, including DOES 1-10, who were tasked with the completion
19
   of Certification of Health Care Provider for Employee's Serious Health Condition for the signature of
20
   Defendant CHRISTENSEN.
21
        123.    The Defendants sued in this cause of action had a legal duty of care to train, supervise,
22
   and retain such employees/agents/representatives, including DOES 1-10, to ensure that such
23
   employees/agents/representatives were fit, and remained fit, to accurately complete a Certification of
24
   Health Care Provider for Employee's Serious Health Condition.
25
        124.    The Defendants sued in this cause of action breached these duties of care when they
26
   hired such employees/agents/representatives, including DOES 1-10, and also when they subsequently
27
   failed to properly train, supervise, and retain such employees/agents/representatives, including DOES
28

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

20

Exhibit 1  Page 24

1 | 1-10, even though Defendants knew, or should have known, of such employees/agents/representatives,

2 | including DOES 1-10's culpable conduct alleged herein.

3 |     125. These breaches of the duties of care were the legal and proximate cause of McELROY's

4 | injuries alleged in this complaint, and McELROY suffered resulting damages, in an amount to be

5 | proven at trial, and these breaches amount to negligent hiring, training, supervision, and retention of by

6 | the Defendants sued in this cause of action.

7 |

**XIV.**
**NINTH CLAIM FOR RELIEF**
**NEGLIGENCE**

**(AGAINST DEFENDANT CHRISTENSEN)**

10 |     126. McELROY incorporates by reference all prior allegations of this *Complaint*, as though

11 | fully set forth herein.

12 |     127. Defendant CHRISTENSEN had a duty to of care to McELROY in the accurate

13 | completion of a Certification of Health Care Provider for Employee's Serious Health Condition.

14 |     128. Defendant CHRISTENSEN breached that duty when he negligently stated the wrong

15 | return to work date for McELROY in the Certification of Health Care Provider for Employee's Serious

16 | Health Condition, which negligence was the proximate cause of McELROY's termination of his

17 | employment and other injures as complained of herein.

18 |     129. As a direct and proximate result of Defendant CHRISTENSEN's conduct, McELROY

19 | has suffered, and continues to suffer, losses, injuries, damages, and harm, including the following

20 | economic losses, including back pay, front pay, and pecuniary compensatory damages.

21 |     130. As a result of this negligence by Defendant CHRISTENSEN, described herein,

22 | McELROY has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and

23 | seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an

24 | amount to be proven at trial.

25 |

**XV.**
**TENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, SUPERVISION, TRAINING OR RETENTION**

**(AGAINST DEFENDANTS CHRISTENSEN AND ROC)**

28 |     131. McELROY incorporates by reference all prior allegations of this *Complaint*, as though

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

21

Exhibit 1  Page 25

1   fully set forth herein.

2       132.   Defendants CHRISTENSEN and ROC, and each of them, were the employers of,

3   controlled the management and supervision of, and/or were in management or supervisory positions

4   over the employees/agents/representatives, including DOES 1-10, who were tasked with the completion

5   of Certification of Health Care Provider for Employee's Serious Health Condition for the signature of

6   Defendant CHRISTENSEN.

7       133.   The Defendants sued in this cause of action had a legal duty of care to train, supervise,

8   and retain such employees/agents/representatives, including DOES 1-10, to ensure that such

9   employees/agents/representatives were fit, and remained fit, to accurately complete a Certification of

10  Health Care Provider for Employee's Serious Health Condition.

11      134.   The Defendants sued in this cause of action breached these duties of care when they

12  hired such employees/agents/representatives, including DOES 1-10, and also when they subsequently

13  failed to properly train, supervise, and retain such employees/agents/representatives, including DOES

14  1-10, even though Defendants knew, or should have known, of such employees/agents/representatives,

15  including DOES 1-10,'s culpable conduct alleged herein.

16      135.   These breaches of the duties of care were the legal and proximate cause of McELROY's

17  injuries alleged in this complaint, and McELROY suffered resulting damages, in an amount to be

18  proven at trial, and these breaches amount to negligent hiring, training, supervision, and retention of by

19  the Defendants sued in this cause of action.

20                                       **PRAYER FOR RELIEF**

21      WHEREFORE, McELROY prays for judgment against Defendants as follows:

22      1.     For equitable relief, including back pay and front pay;

23      2.     For general, compensatory damages on all claims, in an amount to be proven at trial;

24      3.     For special, compensatory damages on all claims, in an amount to be proven at trial;

25      4.     For past and future compensatory damages, including incidental and consequential

26              losses, incurred by reason of Defendants' acts, omissions, carelessness, negligence,

27              deliberate indifference, and other culpable conduct described herein, in an amount to be

28              proven at trial;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

22

Exhibit 1  Page 26

5. For exemplary and punitive damages, as allowed by law;

6. For liquidated damages, as allowed by law;

7. For costs of the suit incurred herein;

8. For attorneys' fees, costs, and prejudgment interest, as allowed by law;

9. For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;

10. For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, McELROY seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendants VALLEY JOIST, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendants VALLEY JOIST unlawfully discriminated against McELROY in violation of the FMLA and Nevada law, and otherwise violated McELROY's rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to McELROY's employment and re-employment;

11. Based on the foregoing, McELROY has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. This inadequacy is, in part, based on the fact that Defendants VALLEY JOIST are currently maintaining false and disparaging information about McELROY's work performance and tenure at Defendants VALLEY JOIST, which will be discovered by third parties, including prospective employers of McELROY, which will interfere with his ability to obtain employment, including re-employment at Defendants VALLEY JOIST. As such McELROY is entitled to injunctive relief, including an injunction compelling Defendants:

(a) To remove false, adverse information contained in his personnel files relating to

23

Exhibit 1  Page 27

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1    the claims of this case;

2    (b)    To provide only a "neutral" job reference concerning McELROY's tenure at

3    Defendants VALLEY JOIST, to all inquiring prospective employers; and

4    (c)    To reinstate McELROY's employment at VALLEY JOIST, if feasible and

5    appropriate, with full pay and benefits, as if never terminated.

6    Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is

7    warranted, and the public interest would not be disserved by issuance of such injunctive relief.

8    McELROY herein seeks Injunctive relief, equitably determined by the Court at trial;

9    12.    For such other relief as the Court may deem just and proper; and

10    13.    Pursuant to the *Nevada Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by

11    jury on all issues triable by right of a jury.

**AFFIRMATION**

13    The undersigned does hereby affirm that the preceding document does not contain the personal

14    information of any person.

15    Dated this 30th day of December 2020.

THE GEDDES LAW FIRM, P.C.

WILLIAM J. GEDDES, ESQ.
Nevada Bar No. 6984
KRISTEN R. GEDDES, ESQ.
Nevada Bar Number 9027
1575 Delucchi Lane Suite, 206
Reno, Nevada 89521
Tel: (775) 853-9455
Kristen@thegeddeslawfirm.com
*Attorneys for Plaintiff RUBIN McELROY*

24

Exhibit 1  Page 28