UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUBIN McELROY, | Case No. 3:21-cv-00079-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| VALLEY JOIST, LLC, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Rubin McElroy filed in Nevada state court an action alleging claims for employment discrimination and professional negligence against Defendants Dr. Thomas Christensen, Reno Orthopedic Clinic ("ROC"), and Valley Joist, LLC. (ECF No. 1-2 at 6-29.) Valley Joist, individually, removed to this Court. (ECF No. 1.) Before the Court is Dr. Christensen and ROC's motion for partial remand. (ECF No. 20 ("Motion").)[1] Because the Court finds that supplemental jurisdiction is unwarranted over state law claims against Dr. Christensen and ROC—and as further explained below—the Court will grant the Motion.

**II.   BACKGROUND**

The following facts are taken from Plaintiff's complaint. (ECF No. 1-2 at 6-29.) On or around August 3, 2018, Valley Joist hired Plaintiff as a rigger. (*Id.* at 9.) In July 2019, Plaintiff was diagnosed with carpal tunnel syndrome bilateral of the upper limbs. (*Id.*) Shortly thereafter, he notified Valley Joist of the diagnosis and that he needed two surgeries. (*Id.* at 10.) Plaintiff further advised Valley Joist that he would need six weeks to recover from each surgery. (*Id.*)

---

[1]The Court has reviewed the related response and reply. (ECF Nos. 27, 28.)

Plaintiff had his first and second surgeries on September 18, 2019 and October 2, 2019. (*Id.*) Dr. Christensen of ROC had advised Plaintiff that he would need six weeks to recover from each surgery. (*Id.*) As a result, Plaintiff applied for leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (*Id.*) He requested Dr. Christensen complete a certificate (the "Certificate") as part of his FMLA application. (*Id.*) Dr. Christensen, or another individual on Dr. Christensen's behalf, signed and completed the Certificate. (*Id.*) It stated that Plaintiff's leave would be from September 6, 2019 through October 18, 2019—which did not amount to six weeks after his second surgery on October 2, 2019. (*Id.* at 11.) The Certificate was directly provided to Valley Joist without Plaintiff seeing it. (*Id.* at 10.) Valley Joist accepted Plaintiff's FMLA application and never questioned the dates on the Certificate. (*Id.* at 11.)

In September 2019, Plaintiff submitted to Valley Joist a doctor's note that stated, "Patient is off of work effective 9/6/2019. Will be off until 6 weeks after surgery." (*Id.*) Based on the note and the prior disclosure that Plaintiff needed six weeks of recovery from each surgery, Plaintiff alleges Valley Joist knew or should have known the dates on the Certificate were erroneous. (*Id.*) On or around October 31, 2019, Plaintiff inquired about the termination of his medical benefits and was told his employment was terminated due to "no call-no show." (*Id.*) Plaintiff contacted Dr. Christensen regarding the wrong return-to-work date and the date was corrected to November 11, 2019. (*Id.* at 12.) Plaintiff presented the corrected Certificate to Valley Joist and requested he be reinstated. (*Id.*) He spent four weeks contacting their human resource department to no avail. (*Id.*)

Plaintiff filed his complaint with the Second Judicial District Court of Washoe County, Nevada, on December 30, 2020. (*Id.* 6-29.) His complaint alleges the following claims against Valley Joist: (1) violation of Nevada's anti-discrimination statute, NRS § 613.330, based on disability; (2) violation of Nevada's anti-retaliation statute, NRS § 613.340; (3) unlawful disability discrimination in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (4) violation of the anti-retaliation provisions of

the ADA, 42 U.S.C. § 12203(a);[2] (5) interference with FMLA, 29 U.S.C. § 2601, *et seq.*; and (6) violation of FMLA retaliation, 29 U.S.C. § 2601, *et seq.* (*Id.* at 13-24.)

Plaintiff additionally alleges the following claims against Dr. Christensen and ROC: (7) professional negligence in violation of NRS § 41A.003, *et seq.*, against Dr. Christensen; (8) negligent hiring, supervision, training, or retention in violation of NRS § 41A.003, *et seq.*, against Dr. Christensen and ROC; (9) negligence against Dr. Christensen; and (10) negligent hiring, supervision, training, or retention against Dr. Christensen and ROC. (*Id.* at 24-27.)

On February 10, 2021, Valley Joist timely removed the action to this Court. (ECF No. 1 ("Petition").)[3] Removal was based on federal question jurisdiction relating to Plaintiff's ADA and FMLA claims. (*Id.* at 2.) The Petition states that the state law claims against Valley Joist arise out of the same case and controversy as the federal claims. (*Id.*) Moreover, the Petition asserts that Plaintiff's claims against Dr. Christensen and ROC "do not fall under the original or supplemental jurisdiction of the District Court" and that these claims "are distinct from those against Valley Joist and can be tried separately." (*Id.*) Valley Joist did not obtain consent from Dr. Christensen and ROC to remove to this Court. (*Id.*) On March 3, 2021, Dr. Christensen and ROC filed a motion for a partial remand to sever the claims against them. (ECF No. 20.)

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal

---

[2]Plaintiff's fourth claim is titled "violation of the anti-retaliation provisions of NRS 613.340," which is the same as his second claim. However, the allegations in paragraphs 84 to 97 appear to allege violation of the anti-retaliation provisions of the ADA, 42 U.S.C. § 12203(a). The Court will thus construe the claim as such.

[3]Plaintiff did not file a motion to remand pursuant to 28 U.S.C. 1447(c).

3

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Pursuant to 28 U.S.C. § 1367(a), "any civil action in which the district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal citations and quotations omitted). Supplemental jurisdiction is a "doctrine of discretion," not of right. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

**IV.   DISCUSSION**

For purposes of subject matter jurisdiction, the parties do not appear to dispute that the Court has original and supplemental jurisdiction over Plaintiff's state and federal claims against Valley Joist as those claims arise out of the same case and controversy. The remaining issue is whether the Court should exercise supplemental jurisdiction over the state law claims against Dr. Christensen and ROC in this action.

Dr. Christensen and ROC argue that Plaintiff's claims against them are unrelated state law claims and thus the Court should decline to exercise supplemental jurisdiction over these claims as they are distinct from the claims against Valley Joist. (ECF No. 20 at 4-7.) Specifically, Plaintiff's claims against Dr. Christensen and ROC are state professional and common law negligence and negligent supervision claims not related to the federal claims against Valley Joist. (*Id.* at 5.) Plaintiff counters that supplemental jurisdiction over the claims against Dr. Christensen and ROC are warranted as there

exists a "common nucleus of operative facts" concerning the negligence-based claims and FMLA claims. (ECF No. 27 at 3-5.) The Court does not agree and declines to exercise supplemental jurisdiction in this instance.

Here, Plaintiff alleges that Valley Joist violated the ADA, FMLA, and NRS §§ 613.330 and 613.340, when he was terminated from his employment. Plaintiff alleges that Dr. Christensen and ROC were negligent and/or negligent in supervising when the Certificate was completed. While the Certificate may have been negligently completed by Dr. Christensen, or another individual on his behalf, the negligent misconduct does not form the same alleged discriminatory misconduct of Valley Joist in terminating Plaintiff's employment in violation of federal laws. Moreover, Plaintiff's complaint states no factual allegation that his termination was based on the Certificate. The Court thus finds—despite Plaintiff's argument to the contrary—the claims against Dr. Christensen and ROC do not derive from the same "common nucleus of operative fact" as the federal claims against Valley Joist. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Tr.*, 333 F.3d at 925. Accordingly, the Court declines to exercise supplemental jurisdiction and grants Dr. Christensen and ROC's Motion. The Court will sever the claims against Dr. Christensen and ROC and remand those claims to the state court from which this action was removed. *See* 28 U.S.C. § 1441(c)(2).

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants Dr. Thomas Christensen and Reno Orthopedic Clinic's motion for partial remand (ECF No. 20) is granted.

///

///

///

The Clerk of Court is directed to remand the state law claims against Defendants Dr. Thomas Christensen and Reno Orthopedic Clinic to the Second Judicial District Court of Washoe County, Nevada.

DATED THIS 13th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE